THE plain It ifs, in right of settlement, clamed the land in controversy, lying in the county Ohio.
*146 They stated iu their bill that they had located on this land a military warrant, no proof of the warrant and entry with the surveyor for the purpose of locating it appeareth ; but the grants to them, hereinafter mentioned, are proof of this warrant, or of some other legal warrant, because, otherwise, those grants could not regularly have issued.
David Rogers, in 1775, located a military warrant partly on the lauds clamed by the plaintiffs, and at that time in their possession, and partly on 1 md then clamed by the defendent David Jones, in right of settlement, or in character of agent for the indiana company, and procured a survey of them, with other lands adjacent, the sum of all which quantities was 1193 acres, to be made and certified by the proper offi-er.
The plaintiffs exhibited their clarnes before the special court of commissioners, constituted by statute of may session, 1779, who, on the 19 day of february following, affirmed the right of the plaintiff Joseph Tomlinson ; but do not appear to have given sentence on the clame of the other plaintiff, they postponed it, at their first meeting, as he suggested, because the defendent Mary, who clamed the land in controversy by devise in the testament of David Rogers then dead, did not attend, and they declined any further consideration of it, at a subsequent meeting, because they thought the matter transferred to another tribunal by the caveat after mentioned, but these proceedings before the court of commissioners seem unimportant, unless it be to shew that the plaintiffs persisted in endeavouring to assert the rights which they clamed.
The plaintiff Joseph Tomlin son, however, is supposed to have believed his right secured by the adjudication in affirmance of it by the court of commissioners ; for he did not unite with the other plaintiff in a caveat which he entered against emanation of a grant upon the survey made fin' David Rogers.
The plaintiff Isaac Williams stated, that counsil was retained and instructed to prosecute the caveat; but that subpoenas, which were sent by the counsil, for summoning witnesses to support objections against the grant, not having come to him in due time, which is supposed to have happened from the d stance between Ohio, the place of his residence, and Richmond, where the counsil resided, the caveat was dismissed.
After dismission of the caveat, a grant to the defendents John Jeremiah Jacob and Mary his wife of the land surveyed for David Rogers, dated the first day of april, 1784, passed the seal.
The plaintiffs obtained grants also of the lands which they clamed, but the operation of those grants, as conveyances of legal titles, the dates of them being, one in 1785, and two oth *147 ers in 1787, was hindered by the anterior grant to John Jeremiah Jacob and Mary his wife.
To remove this impediment to the benefit of their grants the plaintiffs filed their bill in the high court of chancery, praying that those deiendents might he decreed to convey to the plaintiffs so much as they clamed of the lands granted to the representatives of David Rogers.
The deiendents John Jeremiah Jacob and Mary his wife, by their ans ver, insisting that David Rogers had the right, by settlement, prior to the settlements, in virtue of which the plaintiffs clamed, said they had sold their right to David Jones, and required that he should be cited to defend it.
Before this answer, to which oath was made in november, 1789, was filed, David .Jones was no party to the suit, and, for some time, instead of claming any title derived from the repre■seutattvcs of David Rogers, had confederated with the plaintiffs ■in opposition to that title, which was adverse to his own right by •setilernont, or derived from the indiana company, stated before, but. Ins purchase of that title since from the other deiendents did •neither vitiate his present right, because he was not bound, by • any general praecept of justice, orbya parti-ular compact, to ad.mit the plaintiffs to participation of the benefits of the purchase, •nor render his title to the litigated lands better than the title of those from whom he purchased, because he had notice of the -clames which the plaintiffs at that lime were endeavouring to ¡assert, and never had abandoned.
The plaintiffs apprised of the purchase by David Jones, finding that thereby, from a syutagonist with them, he was become •the only party against whom they mu&tfinaly have redress, and whose change of sides, they seem improperly to have thought •a perfidious tergiversation, filed a bill against him. if he were a Lite pendente purchaser, this bill was unnecessary, because, without being made a party, he would have been made subject ..to a decree against the other deiendents..
Great part of the answer to this bilí by the deféndent David Jones is the history of his procedings in the character of agent for the indiana company, whicli is unimportant; for ho did not state that he derived his title from the company, nor explane whal their title was. in the remaining part of the answer he chiefly relied upon the priority of settlement by men from whom David Rogers clamed.
By the examinations of witnesses which, although taken before David Jones was made a defendent, might regularly be *148 read against him, if he were, as he is presumed (a) to have been, a lite pendente purchaser, the priority of settlement by men, whose titles the plaintiffs have, appeared to the court of equity, at the hearing in may, 1792, to be proven.
If that fact had not been proven, and if the evidence of priority had seemed otherwise equilibriou--', which was thought to be more, than the defeudents could plausibly allege, the court allowed actual possession of the plaintiffs, at the time of location by David Rogers of his warrant, to' preponderate, and presumed, in conformity with the maxim in aequali jure potior est conditio possidentis, the right by settlement to he in the plaintiffs.
Upon this proof or presumption; whether the owner of a military warrant could lawfully locate the warrant upon- land in possession of-another who had settled upon it before the year 1779, and deprive him thereof? was the question, which the BL C. C. determined on the side of the setller, for reasons stated in the case between Maze and Hamiltons, decreeing accordingly.
The court of appeals, in november, 1793, reversed, the decree, (b) first, because the examinations*of witnesses, on behalf of the plaintiffs, to prove the priority of their settlements, ought not to have been read against the defendent David Jones,, who was not a party at the time the examinations were taken -, and, secondly,, that court were of opinion unanimously, that a settlement gave no right to lands, in law or equity, before the. act of 1779, and was- then to operate upon mere waste land, not to defeat any clame of a citizen to lands under surveys established by that act. *
REMARKS.
I. Upon the rejection of the examinations.
1. The court of appeals, in delivering theiir opinion, stated! that the plaintiffs replied to the answer of the defeudents John *149 Jeremiah Jacob and Mary his wife, took out commissions, and examined the witnesses on notice to Jacob and wife ; insinuating, that after that answer, disclosing the purchase by Jones, the witnesses were examined, but the transcript, then before that court, shews the witnesses, to prove the priority of settlement on behalf of the plaintiffs, to have been examined before those defendents had sworn to their answer, and before David Jones was furmaly made a party.
2. When no exception to reading examinations appeareth to have been taken, at the hearing, before the inferior court, the superior court, upon an appeal, may properly, as is conceived, presume the reading of the examinations to have been unexceptionable.
3. Perhaps the examinations ought not to have been rejected, if the exception had been taken before the inferior court: for if the defendent David Jones were a lite pendente purchaser, the examinations, unquestionably, might be regularly read against him.
4. If he do not, appear to have .been a lite pendente purchaser, there being good reason to presume him to have been such a purchaser in this case, ought the decree, on the ground of examinations having been improperly read against the defendent David Jones, to have been reversed against the defendents John Jeremiah Jacob and Mary his wife? and ought the reversal and ■dismission of the bill, upon the same ground, to have been absolute, as to the defendent David Jones? ought not the dismission to have been without prejudice? in which case the plaintiffs might have carried their decree against Jacob and his wife into execution, even against the defendent David Jones, unless he shelved, himself not to have been a lite pendente pur baser.
5. The possession of the plaintiffs, at the time of the survey by David Rodgers, a fact, admitted, is sufficient, presumptive proof, as hath been observed, of a prior settlement by them, until the contrary be proved by the other party, which is not pretended to have been done.
But if proofs of prior settlements by the plaintiffs were incontestable, they would not avale : for
II. That, court have resolved, that a settlement gave no right, in law or equity before 1779. upon which to the remarks made in the case between Maze and Hamiltons shall be here added only, that the right by settlement, which the general assembly solemnly adopted, dignifying it with the emphatical appellation of property, now appeareth to have been a property, from which any man, with a military warrant, might extrude the proprietor ; and that the military man, with his warrant, was a more terrific *150 invader than a company, with their order of council; for the latter were obliged to let the settler keep the- land upon payment of a certain price ; but the military man plundered, without permitting the settler to ransome; who, in the anguish of soul, felt by one forced to yield up-that, which toil expense and danger in the acquirement, amelioration and preservation had endeared to him, could only bewail his misfortune-m some such terms perhaps as — dulcía linpuimus- arva, and matter to himself-’

Impius hace tam culta navalia mifos haibebit f

 Presumed, because, 1, he doth not shew whpn ho became a purchaser, nor even allege the purchase to have been prior tu the institution of the plaintiffs demand by firing their original bill, and, 2, he was confessedly fur some time a confedérale with them in opposing the litle of David Rogers.

 The decree of reversal doth not explane the reasons of it; but that they are here truly staled unquestionable authority can be produced to shew.*

[*The appeal is reported in 1 Wash. 230; and decides, that a right by settlement in the crown lands, could not be acquired until the act of 1779; and this act only gives to settlers a preference in lands at that time waste and unappropriated, and which had not before that time been located under warrants. See Maze and Hamilton and Reid v. Burnsides, in this volume. — Ed.J